UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



GENE BROWN, KENNETH EDWARDS,
ALAN HANDELL, ROBERT HEISS,
CAROLINE JAISARIE, KRISTIN LEU, KEVIN
O'SULLIVAN, JUAN PAZMINO, HARRY
PRECOURT AND ROSALIND WILSON,

Case No. _____

                    Plaintiffs,

        -against-

PHILIP J. CALDARELLA,

                    Defendant.



## COMPLAINT

Plaintiffs Gene Brown, Kenneth Edwards, Alan Handell, Robert Heiss, Caroline Jaisarie, Kristin Leu, Kevin O'Sullivan, Juan Pazmino, Harry Precourt and Rosalind Wilson, by their attorneys Orrick, Herrington & Sutcliffe LLP, for their Complaint against Defendant Philip Caldarella, allege as follows:

### NATURE OF ACTION

1.    This is an action for preliminary and permanent injunctive relief and a declaratory judgment barring Defendant from proceeding against Plaintiffs in an arbitration currently pending before the American Arbitration Association ("AAA"), Case No. 13-460-02030-07 ("the Arbitration").

2.    Defendant commenced the Arbitration against Plaintiffs despite the fact that Plaintiffs never signed any agreement to arbitrate with Defendant or otherwise evinced an intent to be bound by an arbitration agreement with Defendant. Defendant's actions in pursuing the Arbitration against them have caused, and will continue to cause, irreparable harm to

OHS East:160365720.1

Plaintiffs by forcing them into an arbitration in which they are not contractually bound to participate. In the absence of the requested relief, Plaintiffs will be involuntarily forced to spend time and resources arbitrating a dispute in a forum which lacks jurisdiction over them and for which any award would not be enforceable as against them.

## PARTIES

3.    Plaintiffs Gene Brown, Kenneth Edwards, Alan Handell, Robert Heiss, Caroline Jaisarie, Kristin Leu, Kevin O'Sullivan, Juan Pazmino, Harry Precourt and Rosalind Wilson are citizens of New York.

4.    Upon information and belief, Defendant Philip Caldarella is a citizen of New Jersey.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the citizenship of the parties is diverse and the extent of the impairment to be prevented exceeds $75,000.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

7.    Plaintiffs are current or former Board members of Binding Together Incorporated, ("BTI"), a not-for-profit organization whose mission is to train, educate, and empower individuals with disabilities and multiple barriers to employment including the homeless, ex-offenders, the unemployed and underemployed, by providing vocational training and employment opportunities. Board members for BTI serve on a volunteer basis; Plaintiffs do not, and have not, received compensation for their work on BTI's Board.

OHS East:160365720.1

8.    Defendant Philip J. Caldarella is the former Executive Director of BTI. His employment was governed by an employment contract dated March 18, 2004 (the "employment contract"). (See Exhibit A.)

9.    The employment contract contained an arbitration provision at paragraph 12 pursuant to which Defendant agreed to arbitrate disputes with BTI arising under the contract with the American Arbitration Association.

10.    BTI and Defendant were the only parties to the employment contract. The contract was signed by Defendant and Barbara Small, former Chairman of the Board of Directors of BTI, on BTI's behalf. Ms. Small is no longer a Board member of BTI, was not named as a respondent in Defendant's arbitration, and is not a plaintiff in this action.

11.    None of the Plaintiffs signed the employment contract containing the arbitration provision.

12.    None of the Plaintiffs signed any other agreement to arbitrate disputes with Defendant.

13.    At no time have any of the Plaintiffs manifested an intent to be personally bound by Defendant's agreement to arbitrate disputes with BTI.

14.    None of the Plaintiffs has knowingly exploited Defendant's employment contract with BTI resulting in direct benefits for themselves.

15.    On or about June 1, 2007, BTI terminated Defendant's employment with BTI.

16.    On or about September 25, 2007 Defendant, purportedly invoking the arbitration provision of the employment contract, initiated a claim before the American Arbitration Association against BTI and Plaintiffs in their individual capacities. The claim

OHS East:160365720.1

-3-

alleges breach of the employment contract and seeks $569,491 in damages, as well as attorneys' fees and costs. (See Exhibit B.)

17.    On or about November 14, 2007, Defendant amended his arbitration claim to add a New York Labor Law claim, including a claim for punitive damages. (See Exhibit C.)

18.    On December 3, 2007, BTI and Plaintiffs filed an Answer to the arbitration claim. In the Answer, Plaintiffs asserted as an affirmative defense that "The AAA does not have jurisdiction over the individual Respondents."

19.    The AAA arbitrator held a management conference on December 14, 2007. During that conference, counsel for Plaintiffs reiterated the defense that the AAA does not have jurisdiction over Plaintiffs. It was agreed by the parties and the arbitrator that Plaintiffs would file for relief in Court by the end of January.

20.    As nonsignatories to the employment contract, Plaintiffs will suffer irreparable harm in the absence of an injunction enjoining the Arbitration against them, in that they will be involuntarily forced to arbitrate a dispute that they are not contractually bound to arbitrate, in a forum which lacks jurisdiction over them, and for which any award would not be enforceable against them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendant as follows:

1.    Declaring that Plaintiffs are not proper parties to the Arbitration and that the AAA does not have jurisdiction over Plaintiffs in the Arbitration;

2.    Preliminarily and permanently enjoining Defendant from proceeding with the Arbitration as against Plaintiffs.

OHS East:160365720.1

    3.    Awarding Plaintiffs' costs in maintaining this action, as well as such other and further relief as may be just and proper.

Dated: New York, NY
       January 24, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
Tel: 212-506-5000

By: _____
          Renée Phillips

Attorneys for Plaintiffs

A

## EMPLOYMENT AGREEMENT

**AGREEMENT** made this 18th day of March 2004 by and between The Trustees of Binding Together Incorporated, a corporation having its principal place of business at 200 Hudson Street, 10th Floor, New York, New York 10013 (hereafter "BTI" or the "Corporation") and Philip J. Caldarella, an individual and Executive Director of the Corporation, residing at 555 Adirondack Court, Mahwah, NJ 07430 (hereafter "Caldarella").

### WITNESSETH:

**WHEREAS,** Caldarella has been employed by the Corporation since July 1987 and has devoted his best and full efforts to the Corporation's development and success since the inception of his employment by the Corporation; and

**WHEREAS,** Caldarella desires to secure his position in the Corporation with due regard for the fact that it is a Not-for-Profit Corporation; and

**WHEREAS,** the Trustees also desire to protect the Corporation's best interests by obligating Caldarella for a term of years under an employment agreement.

**WHEREAS,** Caldarella and the Trustees previously entered into an agreement that by its terms expires June 30, 2004 and now desire to continue their mutually beneficial relationship by entering into a new agreement.

**NOW, THEREFORE,** the parties hereto, intending to be bound, agree as follows:

1. **Employment**

The Corporation hereby employs Caldarella and Caldarella hereby accepts employment upon the terms and conditions hereinafter set forth.

2. **Term**

Caldarella's term of employment hereunder shall be for 6 years, commencing from July 1, 2004, and ending on June 30, 2010, subject however, to the right of either party to terminate his employment as hereinafter provided. Unless earlier terminated, the parties hereto shall discuss a renewal or extension of the term of employment commencing no later than 90 days prior to the expiration of this Agreement. Nothing herein contained shall be deemed to obligate the parties hereto to renew or extend this Agreement.

3. **Duties and Title**

Caldarella is engaged to serve as Executive Director and shall be responsible to, and report to the Trustees of the Corporation. His responsibilities shall include maximizing enrollment of trainees and management of BTI's income and expenses to assure BTI's continued success. Caldarella shall have general supervision over personnel of the Corporation relevant to the performance of his responsibilities. At all times Caldarella is subject to the supervision of the Trustees and shall devote all of

his exclusive business time and best efforts, skills and abilities to the performance of his responsibilities.

### 4.    Remuneration

a)    Effective from July 1, 2004, with the first year of this Agreement, the Corporation shall pay Caldarella a base salary in the amount of $152,218 per year.

b)    Effective July 1, 2005, the Corporation shall increase the base salary by five (5%) percent to $159,829. Effective July 1, 2006, the Corporation shall increase the base salary by five (5%) percent to $167,820. Effective July 1, 2007, the Corporation shall increase the base salary by five (5%) percent to $176,211. Effective July 1, 2008, the Corporation shall increase the base salary by five (5%) percent to $185,022. Effective July 1, 2009, the Corporation shall increase the base salary by five (5%) percent to $194,273.

c)    The Corporation, in its discretion, will provide Caldarella with a bonus each year, which will reflect the Corporation's performance under Caldarella's management. The amount of the bonus will be determined by the Executive Director Incentive Plan, which will be revised annually to reflect performance expectations for that year.

### 5.    Expenses

The Corporation will reimburse Caldarella on a monthly basis for all business related expenses incurred by him in the course of the performance of his duties, upon the presentation of appropriate vouchers, receipts, etc.

### 6.    Fringe Benefits

a)    The Corporation shall provide Caldarella with benefits that are no less than any other employee receives under the benefit programs of the Corporation.

b)    The Corporation shall provide Caldarella with a vehicle in order for him to carry out his duties and responsibilities as the Corporation's Executive Director. The Corporation shall be responsible for the maintenance and upkeep of the vehicle.

c)    Nothing in this article shall be construed to mean that the Corporation may not extend benefits to Caldarella which are greater than those extended to the Corporation's employees generally.

### 7.    Vacation

Caldarella shall be entitled to five (5) weeks of paid vacation (i.e., 25 business days) during each calendar year of the term of this Agreement, to be governed by the Corporation's Employee Handbook/Policy Manual.

8.    **Disability**

After exhausting his sick days entitlement for the calendar year, in the event Caldarella shall be unable to perform his normal duties and responsibilities in any period of up to one (1) month by reason of illness or incapacity, his compensation and benefits shall remain intact.

9.    **Termination With Cause**

The Corporation may elect to terminate this Agreement for cause if it shall determine, in good faith, that there has been continued neglect by Caldarella of his duties hereunder or willful misconduct on his part in connection with the performance of such duties. Upon such termination, all obligations of the Corporation hereunder shall forthwith cease and come to an end. If Caldarella disputes such termination, then all of the Corporation's obligations hereunder shall continue until there is a final ruling on the merits of their dispute as provided for in paragraph 12 of this Agreement.

10.    **Restrictive Covenant**

During the term of this Agreement, Caldarella shall not, for his own account or as a partner, director, stockholder, officer or employee of any other corporation, partnership, sole-proprietorship, or business entity engage in any business competitive with the business of the Corporation, and he shall give his best efforts on a full time basis to promote the best interest of the Corporation. Further, Caldarella shall keep confidential during the term of this Agreement, all information which may be revealed or available to him in the course of his employment, including without limitation, information relating to the BTI's needs and requirements regarding any actual and potential sources of enrollees, job placement facilities or other areas of critical business concerns, when such disclosures may be in any way prejudicial to the interests of the BTI, except to the extent that such disclosure may be necessary or appropriate to the effective and efficient discharge of his duties to the Corporation. Caldarella agrees that in the event he resigns from further employment by the Corporation during the term of this agreement or at the expiration thereof, he will not directly or indirectly compete with the Corporation by forming or joining another competitive entity within one (1) year of such resignation. He further agrees to notify the Corporation of his intention to resign 90 days prior to the effective termination date.

11.    **Death During Employment**

BTI shall provide Caldarella with term life insurance coverage so that if he should die during the term of this Agreement, his estate shall receive two (2) years of his base salary compensation, in accordance with the Corporation's Employee Handbook/Policy Manual.

12.    **Arbitration**

Any controversy arising out of or relating to this Agreement or the alleged breach thereof, shall be settled by final and binding arbitration in New York City at the American Arbitration Association, the costs of which shall be borne equally by the parties. In the event the dispute concerns termination with cause, the Corporation may request expedited arbitration (a hearing within seven (7) days); the arbitrator shall be

required to complete the hearing in one (1) day, and issue a ruling within 7 days of the hearing. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction.

**13.    Notices**

Any notice required or permitted to be given by either party to the other shall be deemed sufficiently given when in writing and sent by certified or registered mail, return receipt requested, addressed to the other as set forth at the head of this Agreement or at such other address of which notice shall have similarly been given. Nothing contained in this paragraph shall be deemed to require such notice with respect to routine communications between the parties in the performance of this Agreement.

**14.    Successors**

In the event that the Corporation is merged, or becomes affiliated, this Agreement shall remain binding on the Corporation's successor, or the new entity, and Caldarella. In such an event, all rights, duties, benefits, and responsibilities of this Agreement will be deemed transferred to the Corporation's Successor or new entity.

**15.    Severance Benefit**

In the event that during the term of this agreement the Corporation closes down and/or dissolves, or is sold or merged, or relocates, and any of the foregoing happenings results in the cessation of Caldarella's employment, then the Corporation will provide him with severance pay for 12 months of salary. In the event that Caldarella's employment is not renewed/extended, and he is thereafter terminated, he shall also be entitled to the severance pay provision of this paragraph.

**16.    Whole Agreement**

This document contains the entire Agreement between the parties and may not be changed orally and no amendment thereof shall be valid or binding unless the same is made in writing and signed by each of the parties hereto.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement this ___8th___ day of March 2004.

**Binding Together Incorporated**                    **Philip J. Caldarella**

By: _____                    _____

B

AMERICAN ARBITRATION ASSOCIATION
NEW YORK, NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of

PHILIP J. CALDARELLA,

               Claimant,

     and

BINDING TOGETHER, INC., *et al.*,

               Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## CLAIM

Respondent Binding Together, Inc. ("BTI") and the Directors and Officers of BTI wrongfully terminated Claimant's employment by BTI, without cause and in violation of BTI's employee policies, as of June 1, 2007, in breach of a written employment agreement between the Trustees of BTI and Claimant that provided for Claimant's employment by BTI through June 30, 2010. The Directors and Officers of BTI have personal liability for Claimant's damages pursuant to the provisions of Section 720-a of the New York Not-for-Profit Law in that their actions constituted gross negligence and/or were taken with the intent to cause harm to the Claimant.

## Employment Arbitration Rules and Mediation Procedures

*MEDIATION:    If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box. ~ There is no additional administrative fee for this service.*

| | |
|---|---|
| Name of Respondent See Attached List of Respondents | Name of Representative (if known) Renee Phillips, Esq. |
| Address: do Binding Together, Inc. | Name of Firm (if applicable) Orrick, Herrington & Sutcliffe LLP |
| 50 Broad Street, 3rd Floor | Representative's Address 666 Fifth Avenue |
| City      State      Zip Code New York NY      10013 | City      State      Zip Code NewYork      NY 10103 |
| Phone No.                    Fax No. 212.742.0020          212.742.0021 | Phone No.                    Fax No.212-506-5153      212-506-5151 |
| Email Address: | Email Address: rphillips@orrick.com |

The named claimant, a party to an arbitration agreement dated March 18, 2004_____, which provides for arbitration under the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, hereby demands arbitration.
THE NATURE OF THE DISPUTE
See attached Claim.

Dollar Amount of Claim $ 569,491.00 Other Relief Sought:  _X_ Attorneys Fees  _X_ Interest
                              _X_ Arbitration Costs  ___ Punitive! Exemplary  ____ Other

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $150.00
PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Attorneys familiar with the NY Not for Profit Law and claims against directors, officers and trustees based upon gross negligence and/or intention to cause harm.

Hearing locale New York, NY____          (check one)  ___ Requested by Claimant  _X_ Locale provision included in the contract
Estimated time needed for hearings overall:          Claimant    _X_ Employee  ___ Employer
_____ hours or    1-2    days              Respondent  ___ Employee _X_ Employer

Does this dispute arise out of an employment relationship?  _X_ Yes ___ No

What was/is the employee's annual wage range? Note: This question is required by California law.

_ Less than $100,000  _X_ $100,000 -$250,000 _ Over $250,000
You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) _ Atlanta, GA _ Dallas, TX _X_ East Providence, RI _ Fresno, CA _ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within 15 days after notice from the AAA.

| | |
|---|---|
| Signature (may be signed by a representative) Date: | Name of Representative Ronald I. Paltrowitz, Esq. |
| Name of Claimant Phillip J. Caldarella | Name of Firm (if applicable) Paltrowitz & Kaufman LLP |
| Address (to be used in connection with this case) 555 Adirondack Court | Representative's Address 230 Park Avenue, Ste 1000 |
| City      State      Zip Code Mahwah NJ 07430 | City      State      Zip Code New York      NY      10169 |
| Phone No.            Fax No.201-512-1907 | Phone No.            Fax No.212-808-7210 212-370-1655 |
| Email Address: caldarella@aol.com | Email Address: rpal@palkauf.com |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

C

AMERICAN ARBITRATION ASSOCIATION
NEW YORK, NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of

PHILIP J. CALDARELLA,

                    Claimant,

         and

BINDING TOGETHER, INC., *et al.*,

                    Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - x


### AMENDED CLAIM

Respondent Binding Together, Inc. ("BTI") and the Directors and Officers of BTI wrongfully terminated Claimant's employment by BTI, without cause and in violation of BTI's employee policies, as of June 1, 2007, in breach of a written employment agreement between the Trustees of BTI and Claimant that provided for Claimant's employment by BTI through June 30, 2010. The Directors and Officers of BTI have personal liability for Claimant's damages pursuant to the provisions of Section 720-a of the New York Not-for-Profit Law in that their actions constituted gross negligence and/or were taken with the intent to cause harm to the Claimant. In addition, Claimant is entitled to recover his legal fees and to be awarded punitive damages equal to twenty-five percent (25%) of the total amount of wages found to be due pursuant to Section 198 1-a of the New York Labor Law as the Respondents' failure to pay Claimant's wages was willful.