UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GENE BROWN, KENNETH EDWARDS,
ALAN HANDELL, ROBERT HEISS,
CAROLINE JAISARIE, KRISTIN LEU,
KEVIN O'SULLIVAN, JUAN PAZMINO,
HARRY PRECOURT and ROSALIND WILSON,

                Plaintiffs,                08 CV 0857 (DC)

  - against –

PHILIP J. CALDARELLA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Defendant, Philip J. Caldarella, for his Answer to the "Complaint" in the above-captioned matter, states as follows:

## NATURE OF ACTION

1.    Defendant acknowledges that this is an action for preliminary and permanent injunctive relief and a declaratory judgment but denies that Plaintiffs are entitled to this relief.

2.    Defendant denies each and every allegation set forth in paragraph 2 of the Complaint and alleges on information and belief that Plaintiffs are parties to the "Employment Contract", annexed to the Complaint as Exhibit "A", which Employment Contract contains a valid and binding agreement to arbitrate.

## PARTIES

3.    Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint.

4.    Defendant admits the allegation in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations set forth in paragraph 5 of the Complaint are conclusions of law that do not require an answer.

6. The allegations set forth in paragraph 6 of the Complaint are conclusions of law that do not require an answer.

## FACTUAL ALLEGATIONS

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiffs do not, and have not, received compensation for their work on BTI's [Binding Together, Inc.] Board.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint except alleges that the Employment Contract provided for the arbitration of disputes between Plaintiffs and/or BTI and Defendant, and that the arbitration was to be held at, not with, the American Arbitration Association.

10. Defendant denies each and every allegation set forth in paragraph 10 of the Complaint except admits that Barbara Small is no longer a Trustee of BTI and is not a party to the arbitration referred to in the Complaint.

11. Defendant denies each and every allegation set forth in paragraph 11 of the Complaint and alleges that Barbara Small, acting in her capacity as Chairperson of the Board of Trustees, bound each of the Trustees to the terms of the Employment Contract.

12. Defendant admits that the Employment Contract is the only agreement between Plaintiffs and Defendant that requires the arbitration of disputes between Plaintiffs and Defendant.

13. Defendant denies each and every allegation set forth in paragraph 13 of the Complaint and further alleges that the Employment Contract is a tangible manifestation of Plaintiffs' intent to be personally bound to the terms of the Employment Contract including, *inter* alia, the agreement to arbitrate.

14.     To the extent that Defendant understandings either the meaning or the relevancy of the allegations set forth in paragraph 14 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth therein.

15.     Defendant admits the allegations set forth in paragraph 15 of the Complaint and further alleges that the termination was without cause and constituted a breach of the Employment Contract by Plaintiffs and BTI.

16.     Defendant admits the allegations set forth in paragraph 16 of the Complaint except that Defendant denies that he "purportedly" invoked the arbitration provision in the Employment Contract and alleges that he invoked the arbitration provision as required by the Employment Contract.

17.     Defendant admits the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant admits the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant admits the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation set forth in paragraph 20 of the Complaint

### **AFFIRMATIVE DEFENSE**

21.     Paragraph 12 of the Employment Contract sets forth a valid agreement to submit to final and binding arbitration "[a]ny controversy arising out of or relating to this Agreement . . . ."

22.     The introductory paragraph of the Employment Contract specifically states that it is an "AGREEMENT . . . between The Trustees of Binding Together Incorporated, . . . , and Philip J. Caldarella, . . . . "

23.     The Employment Agreement was signed by the then Chair of the Board of Trustees of Binding Together Incorporated and not by an officer of the corporation.

24.     Whether or not the Plaintiffs are individually obligated to arbitrate the claims made against them by Defendant is a "controversy arising out of or relating to" the Employment Contract.

25. Based upon the foregoing, it is respectfully submitted that whether or not the Plaintiffs are individually obligated to arbitrate the claims made against them by Defendant is a "controversy" that must be submitted to binding arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that the Complaint, and each of the prayers for relief set forth therein, be dismissed and that Defendant be awarded the costs and disbursements of this action including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 6, 2008

/s/ Ronald I. Paltrowitz
_____
Ronald I. Paltrowitz, Esq. (RP-2746)
Attorney for Defendant
24 Juniper Ridge Drive
Danbury, CT 06811
(917) 822-2881

To: Renee Phillips, Esq.
Orrick, Herrington & Sutcliff LLP
Attorneys for Plaintiffs
666 Fifth Avenue
New York, New York 10103
(212) 506-5000