UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GENE BROWN, KENNETH EDWARDS,
ALAN HANDELL, ROBERT HEISS,
CAROLINE JAISARIE, KRISTIN LEU,
KEVIN O'SULLIVAN, JUAN PAZMINO,
HARRY PRECOURT and ROSALIND WILSON,

                Plaintiffs,                    08 CV 0857 (DLC)

    - against –

PHILIP J. CALDARELLA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PALTROWITZ DECLARATION**

      RONALD I. PALTROWITZ, ESQ., an attorney licensed to practice before this Court, declare under penalty of perjury that the following is true and correct:

    1.    I am the attorney of record for the Defendant, Philip J. Caldarella ("Caldarella") in the above-captioned matter and make this Declaration upon my own personal knowledge.

    2.    I respectfully submit this Declaration and the accompanying Affidavit of Philip J. Caldarella, sworn to February 2, 2008 ("Caldarella Affidavit") and Defendant's Memorandum of Law ("Defendant's Memorandum") in opposition to the "Application" by Plaintiffs for a preliminary injunction enjoining the "Arbitration" filed by Caldarella with the American Arbitration Association as Case No. 13-460-02030-07 from proceeding against those Respondents in the Arbitration who are named as Plaintiffs in this action.

    3.    The relevant facts, as more fully set forth in the Caldarella Affidavit, are briefly summarized as follows:

    a. Caldarella entered into an "Employment Contract" with the Trustees of Binding Together, Inc. ("BTI"), a New York not-for-profit corporation, in March 2004 (Caldarella Affidavit, para. 3) (A copy of the Employment Contract is annexed to the Caldarella Affidavit as Exhibit "A");

    b. The Trustees of BTI were named as parties to the Employment Contract and Caldarella believed them to be parties to the agreement (Caldarella Affidavit, paras. 4 and 5);

    c. The Trustees promised to employ Caldarella as President of BTI for a period of six (6) years from July 1, 2004 through June 30, 2010. (Caldarella Affidavit, para. 6);

    d. The Employment Contract could only be terminated for cause based upon a good faith determination that there has been continued neglect by Caldarella or willful misconduct in connection with the performance of his duties." (Caldarella Affidavit, para. 7);

    e. The Employment Agreement contained a binding "Arbitration Provision" (Caldarella Affidavit, para. 8);

    f. If an arbitration to resolve a disputed termination was commenced, BTI was obligated to continue to pay Affiant's salary and to bear half the costs of the arbitration. (Caldarella Affidavit, para. 9);

    g. Caldarella commenced the Arbitration in the belief that his termination was without "cause" and that the Trustees acted in bad faith (Caldarella Affidavit, para. 10); and

    h. Caldarella asserts that the Trustees actions in terminating his employment without cause, failing to continue to pay his salary pending the outcome of the arbitration, and woefully mismanaging BTI after his termination, were grossly negligent and taken with the specific intent to harm him (Caldarella Affidavit, paras. 11-13).

  4. I have advised Caldarella that, pursuant to the provisions of Section 720-a of the New York Not-For-Profit Law, the trustees of a not-for-profit corporation who serve

without compensation may be found personally liable for their actions if it can be established that their actions were grossly negligent and/or taken with the specific intent to harm.

5. I have reviewed the Order to Show Cause for a Preliminary Injunction, the Declaration of Renee Phillips, Esq., dated January 24, 2008 ("Phillips Declaration"), the Memorandum of Law in Support of Application for Preliminary Injunction (Plaintiffs' Memorandum"), and the "Complaint"[1] against Defendant filed by Plaintiffs in this matter and believe the following facts to be pertinent to the Court's determination of the Application:

  a. Plaintiffs have not submitted any affidavits containing admissible factual evidence to support any of the allegations made in the Complaint or Plaintiffs' Memorandum[2];

  b. Plaintiffs' arguments supporting their contentions that they are likely to succeed on the merits are predicated entirely on the theory that Plaintiff's are non-signatories to the Employment Agreement (See, Plaintiffs' Memorandum, Section C, pp. 4-7)[3], and Plaintiffs have not addressed (or even mentioned) the fact that the Trustees of BTI are named as parties to the Agreement[4]; and

  c. Plaintiffs' argument that requiring them to arbitrate will cause them irreparable harm begs the question as it also assumes that Plaintiffs are not parties to the Employment Contract and that the arbitration award, therefore, would not be enforceable against them.

6. Based upon the facts set forth in paragraph 5, *supra*, and the law as set forth in Defendant's Memorandum, it is respectfully submitted that Plaintiffs cannot meet the necessary standards to justify the issuance of a preliminary injunction (See, Defendants' Memorandum, p. 6).

---

[1] Defendant's Answer to the Complaint is annexed hereto as Exhibit "A".
[2] The Phillips declaration does not contain any assertions of fact, relevant or otherwise.
[3] In discussing non-signatories, Plaintiffs' Memorandum sets out a list of the various theories upon which a non-signatory may be bound to an arbitration agreement but Plaintiffs have failed to discuss or eliminate the *alter ego* theory, which will be discussed *infra*, in paragraphs 10-11.
[4] Plaintiffs have neither attacked the validity of the Employment Agreement or the Arbitration Provision nor alleged that Caldarella's claims are not within the scope of the Arbitration Provision.

7. As noted above, Plaintiffs have not presented any evidence to counter Caldarella's assertion that the Trustees are parties to the Employment Contract' (Caldarella Affidavit, para. 5) or to explain the fact that the Employment Contract specifically states that it is made between the Trustees and Caldarella (Caldarella Affidavit, para. 4), and, therefore, have assumed as fact the very question that must be decided.

8. Furthermore, Plaintiffs have failed to address the preliminary, and, therefore, more relevant question of whether it is the Court or the Arbitrator who should decide if the Trustees are parties to the Employment Contract.

9. As set out more fully in Defendant's Memorandum, it is respectfully submitted that:

    a. The Arbitration Provision in the Employment Contract [Any controversy arising out of or relating to this Agreement or the breach thereof, shall be settled by final and binding arbitration . . . .] has been construed by the courts as a "broad" arbitration provision (See, Defendants' Memorandum, pp. 3-4);

    b. Where the arbitration clause is broad, there arises presumption of arbitrability, and arbitration of even collateral matter will be ordered if the claims alleged implicate issues of contract construction or parties' rights and obligations under it (See, Defendants' Memorandum, pp. 3-4);

    c. Where an arbitration agreement incorporates rules that empower an arbitrator to decide issues of arbitrability, the question of arbitrability is one for the arbitrator and not the courts (See, Defendants' Memorandum, pp. 4-5); and

    d. The Rules of the American Arbitration Association under which the Arbitration will be conducted state that "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement" (See, Defendants' Memorandum, pp. 4-5).

Finally, as noted in footnote 3, *supra*, Plaintiffs' Memorandum sets out "*alter ego*" as one of the theories (Plaintiffs' Memorandum, p. 5) upon which a non- signatory may be bound to an arbitration agreement, but then fails to discuss the elements of this theory.

- 5 -

11. *Alter ego* liability may attach if it can be demonstrated that: (1) the Trustees had control amounting to complete domination of BTI's actions with respect to Caldarella's termination and subsequent events~ (2) the Trustees used their control to perpetrate a wrong, including a violation of a positive legal duty~ and (3) the Trustees control and breach of duty was the proximate cause the injury suffered by Mr. Caldarella (See, Defendants' Memorandum, pp. *5-6).*

12. Accordingly, whether or not the Trustees were parties to the Employment Contract or whether they may be bound to arbitrate on the theory of *alter ego,* are questions that must be submitted to the Arbitrator for determination,

Wherefore, Declarant respectfully prays that this Court deny Plaintiffs' application for a preliminary injunction and direct that Plaintiffs proceed to arbitration and grant Defendant such other and further relief as the Court may deem appropriate.

February 6, 2008

_____
Ronald I. Paltrowitz (RP-2746)