UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GENE BROWN, KENNETH EDWARDS,
ALAN HANDELL, ROBERT HEISS,
CAROLINE JAISARIE, KRISTIN LEU,
KEVIN O'SULLIVAN, JUAN PAZMINO,
HARRY PRECOURT and ROSALIND WILSON,

                             Plaintiffs,                    08 CV 0857 (DLC)

    - against –

PHILIP J. CALDARELLA,

                             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

#### I. PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted, along with the Declaration of Ronald I. Paltrowitz, Esq., dated February 6, 2008 (the "Paltrowitz Declaration"), and the Affidavit of Philip J. Caldarella, sworn to February 2, 2008 (the "Caldarella Affidavit") in opposition to the "Application" by Plaintiffs for a preliminary injunction enjoining the "Arbitration" filed by Caldarella with the American Arbitration Association as Case No. 13-460-02030-07 from proceeding against those Respondents in the Arbitration who are named as Plaintiffs in this action.

#### II. STATEMENT OF FACTS

The relevant facts are set forth at length in the Caldarella Affidavit. They are briefly summarized as follow:

    a. Caldarella entered into an "Employment Contract" with the Trustees of Binding Together, Inc. ("BTI"), a New York not-for-profit corporation, in March 2004

(Caldarella Affidavit, para. 3) (A copy of the Employment Contract is annexed to the Caldarella Affidavit as Exhibit "A");

  b. The Trustees of BTI were named as parties to the Employment Contract and Caldarella believed them to be parties to the agreement (Caldarella Affidavit, paras. 4 and 5);

  c. The Trustees promised to employ Caldarella as President of BTI for a period of six (6) years from July 1, 2004 through June 30, 2010. (Caldarella Affidavit, para. 6);

  d. The Employment Contract could only be terminated for cause based upon a good faith determination that there has been continued neglect by Caldarella or willful misconduct in connection with the performance of his duties." (Caldarella Affidavit, para. 7);

  e. The Employment Agreement contained a binding "Arbitration Provision" (Caldarella Affidavit, para. 8);

  f. If an arbitration to resolve a disputed termination was commenced, BTI was obligated to continue to pay Affiant's salary and to bear half the costs of the arbitration. (Caldarella Affidavit, para. 9);

  g. Caldarella commenced the Arbitration in the belief that his termination was without "cause" and that the Trustees acted in bad faith (Caldarella Affidavit, para. 10); and

  h. Caldarella asserts that the Trustees actions in terminating his employment without cause, failing to continue to pay his salary pending the outcome of the arbitration, and woefully mismanaging BTI after his termination, were grossly negligent and taken with the specific intent to harm him (Caldarella Affidavit, paras. 11-13).

### III. ARGUMENT

**A. The Employment Contract and the Arbitration Provision and its Scope are Uncontested**

Plaintiffs have not contested the validity of either the Employment Contract or the Arbitration Provision contained in the Employment Contract. Rather, they have acknowledged that there is an Employment Contract and that it does contain an arbitration provision. (See, Plaintiffs' Complaint (the "Complaint"), paras. 8 and 9 and Plaintiffs' Memorandum of Law in Support of Application for Preliminary Injunction ("Plaintiffs' Memorandum"), p.2.)[1] Furthermore, Plaintiffs have neither mentioned the claims being made by Defendant against Plaintiffs in the Arbitration nor argued that these claims are not within the scope of the Arbitration Provision. Rather, Plaintiffs' sole argument is that they are not parties to the Employment Contract. Accordingly, it is respectfully submitted that the Court must find that there is a valid and binding arbitration provision and that Defendant's claims are within the scope of the provision.

**B. There is a Presumption of Arbitrability**

The Arbitration Provision in the Employment Contract states in pertinent part as follows:

> Any controversy arising out of or relating to this Agreement or the alleged breach thereof, [*sic*] shall be settled by final and binding arbitration in New York City at the American Arbitration Association, . . . . (Employment Contract, para. 12.)

In *Mehler v. Terminix Int'l Co.,* 205 F.3d 44 (2d Cir.2000), the Second Circuit held that a virtually identically worded arbitration clause was a "classically broad one" that is " 'precisely the kind of broad arbitration clause that justifies a presumption of arbitrability.' " *Id.* at 49 (quoting *Oldroyd v. Elmira Sav. Bank,* 134 F.3d 72, 76 (2d Cir.1998)); *see also WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 75 (2d Cir.1997)

---

[1] In fact, he Employment Contract containing the Arbitration Provision is annexed as Exhibit "A" to the Complaint.

(similar clause was "typically broad"); *Wilson v. Subway Sandwiches Shops, Inc.,* 823 F.Supp. 194, 198 (S.D.N.Y.1993) (similar clause was "clearly broad in nature").

Having determined that the Arbitration Provision is a broad clause that gives rise to a presumption of arbitrability, the burden shifts and Plaintiffs must now establish that they are neither signatories to the Employment Contract or that they may not be bound to the Arbitration Provision as non-signatories  See, e.g., *Prudential Lines, Inc. v. Exxon Corp.,* 704 F.2d 59, 64 (2d Cir.1983) and *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 223 (2d Cir.2001).

**C. Whether or not Plaintiffs are Signatories to the Employment Contract or may be Bound as Non-Signatories Must be Decided by the Arbitrator**

The Employment Contract clearly states in its introductory paragraph that it is an "Agreement made . . . between The Trustees of Binding Together, Incorporated, . . . , and Philip J. Caldarella, . . . ."  Plaintiffs have not addressed this fact in their papers.  Nor have they addressed whether the issue should be decided by the Arbitrator or this Court.

In *Nichols* v. *Washington Mutual Bank,* USDC, EDNY, No. 07-CV-3216 (JG)(VVP),  Nov. 21, 2007, .the Court, in Section 7 of the opinion, held:

> Ordinarily, whether or not a dispute is arbitrable is a question decided by the courts. *See Contec Corp. v. Remote Solution, Co., Ltd.,* 398 F.3d 205, 209 (2d Cir.2005) ( "[W]e have held that 'the issue of arbitrability may only be referred to the arbitrator if there is clear and unmistakable evidence from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator.' " (quoting *Bell v. Cendant Corp.,* 293 F.3d 563, 566 (2d Cir.2002) (emphasis omitted). **However, where an arbitration agreement incorporates rules which empower an arbitrator to decide issues of arbitrability, the question of arbitrability is one for the arbitrator and not the courts.** (emphasis added)

The Arbitration commenced by Defendant against Plaintiffs is being conducted pursuant to the Employment Rules of the American Arbitration Association ("AAA"), the

- 4 -

forum specifically required by the Employment Contract. The Employment Arbitration Rules and Mediation Procedures of the AAA, as amended and effective July 1, 2006 (the "Rules"), state that:

> a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement;
> b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract . . . .; and
> c. . . . . The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

Thus, it is clear that it is for the Arbitrator and not the Court to determine if the Plaintiffs are either signatories to the Employment Contract or may be bound by the Arbitration Provision as non-signatories.

**D. The Arbitrator May Find that the Plaintiffs May Be Bound as Non-Signatories**

Although Defendant believes that the Plaintiffs, as Trustees of BTI, are signatories to the Employment Agreement (See, Caldarella Affidavit, paras. 4 and 5) and that the Arbitrator will so find, it is also respectfully submitted that the Arbitrator could conclude that Plaintiffs are bound by the Arbitration Provision under the theory of *alter ego*.

Plaintiffs have correctly cited *Merrill Lynch Inv. Mgrs.* v. *Optibase, Ltd.,* 337 F.3d 125 (2d Cir. 2003) for the proposition that there are five theories upon which a non-signatory may be bound by an arbitration provision. Plaintiffs have discussed 4 ½ of these theories on pages 4-7 of Plaintiffs' Memorandum. Conveniently, Plaintiffs have omitted any discussion of the *alter ego* portion of the veil piercing/alter ego theory, which is the theory that is relevant in this matter.

In *Carte Blanche (Singapore) PTE., Ltd.* v. *Diners Club International, Inc.,* 758 F.Supp. 908 (S.D.N.Y.1991), this court held that:

> . . . *alter ego* liability will attach "if the following elements are established: (1) control amounting to complete domination with respect to the transaction attacked; (2) use of such control to perpetrate a fraud or wrong, including a violation of a positive legal duty; and (3) the control and breach of duty must proximately cause the injury complained of," 758 F.Supp. at 914.

The three elements cited in *Carte Blanche* are central to the claims being made against the Plaintiffs in the Arbitration, i.e., that the Trustees, who by definition completely control the actions of BTI, used this control to breach the Employment Agreement and thus violate the Trustees legal duties and obligations to Caldarella, and that this breach was not only the proximate but the only cause of the injury suffered by Defendant. Accordingly, it is respectfully submitted that, as the Arbitrator clearly could find that Plaintiffs are required to arbitrate Caldarella's claims, that the Arbitrator, and not this Court, should be the one to make this determination.

**E. Plaintiffs Cannot Meet the Standards Required for a Preliminary Injunction**

Once again, Plaintiffs have correctly set out the standards that must be met to justify the issuance of a preliminary injunction. Unfortunately, it is respectfully submitted that Plaintiffs cannot meet the standards that they have set forth.

Plaintiffs base their assertion that they will suffer irreparable injury solely on the theory that they will be forced to expend time and money arbitrating an issue that is not arbitrable and for which an award would not be enforceable. This argument completely fails in light of the fact that the Arbitrator has the power under the Rules to determine if they are proper parties to the arbitration and that Plaintiffs may request that the arbitrator determine the preliminary issue of jurisdiction before the arbitration of the main claims proceeds (See, Argument, Part C, *supra*). If the Arbitrator determines that Plaintiffs are proper parties, then any award the Arbitrator may issue will be enforceable. If, on the other hand, the Arbitrator determines that Plaintiffs are not proper parties, then they will not be required to arbitrate Defendant's claims and they will suffer no loss of time or resources.

## IV. Conclusion

Based upon the foregoing, Defendant asserts that the Employment Contract and the Arbitration Provision set forth therein are valid and binding, the Arbitrator Provision is a broad provision that creates a presumption of arbitrability, the Arbitrator has the power under the Rules, and, therefore, should be the one, to determine if Plaintiffs are proper parties to the Arbitration, and that Plaintiffs have failed to meet the standards required to justify the issuance of a preliminary injunction. Accordingly, Defendant prays that this Court deny Plaintiffs' Application and direct that they proceed to arbitration.

Dated: New York, New York
       February 6, 2008

                                      Respectfully submitted,

                                      Ronald I. Paltrowitz, Esq.
                                      Attorney for Defendant
                                      24 Juniper Ridge Drive
                                      Danbury, CT 06811
                                      (917) 822-2881

To:    Renee Phillips, Esq.
        Orrick, Herrington & Sutcliff LLP
        Attorneys for Plaintiffs
        666 Fifth Avenue
        New York, New York 10103
        (212) 506-5000