UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENE BROWN, KENNETH EDWARDS, ALAN HANDELL, ROBERT HEISS, CAROLINE JAISARIE, KRISTIN LEU, KEVIN O'SULLIVAN, JUAN PAZMINO, HARRY PRECOURT AND ROSALIND WILSON,

                    Plaintiffs,

-against-

PHILIP J. CALDARELLA,

                    Defendant.

Case No. 08-CV-0857 (DLC)

**AFFIDAVIT OF ROBERT HEISS**

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF WESTCHESTER )

    Robert Heiss, being duly sworn, deposes and says:

    1.    I am the current Chairman of the Board of Binding Together Incorporated, and a plaintiff in this action. I make this affidavit based upon my personal knowledge.

    2.    I have served as a member of the Board of BTI from in or about 1998 to the present, and as Chairman of the Board for approximately two years. This is a non-paid position, and I have chosen to volunteer for BTI as a charitable activity. I do not own, nor have I ever owned, any interest in BTI. I am currently a partner in S&R Associates, a sales consulting firm.

    3.    BTI's Board of Directors meets approximately once a month. The Board Secretary records the minutes of those meetings.

    4.    BTI's Board has not transferred funds from BTI to themselves or to any sister or parent corporation of BTI to limit the capitalization of BTI. The Board members have not intermingled their personal funds with those of BTI nor have they shared property or office space with BTI. BTI's Board has not personally paid or guaranteed BTI's debts.

OHS East:160383472.1

5. I never signed Philip Caldarella's employment agreement, and I never understood myself to be a party to it. I was not Chairman of the Board at the time the contract was entered, and I did not play any role in the negotiation or drafting of the agreement. I never personally agreed to be bound to Mr. Caldarella's employment agreement with BTI, nor did I ever express any intent to be bound to it, to Mr. Caldarella or anyone else.

6. In March 2004, my annual income was approximately $155,000. Under no circumstances would I have agreed to personally guarantee Mr. Caldarella's salary payments, which were approximately the same as my own income, or accept any personal obligations under any contract for BTI.

7. I have never agreed to be bound by any arbitration agreement with Mr. Caldarella, or agreed to submit to the jurisdiction of the American Arbitration Association. The AAA charges fees for its work, and I have never consented to paying any such fees.

8. In or about August, 2007, I, along with several other BTI Board members, voted to approve the termination of Mr. Caldarella's employment for "cause" based on evidence presented to the Board that Mr. Caldarella had mismanaged BTI's affairs, leaving it in a state of severe financial distress. My attorney has informed me that the facts surrounding Mr. Caldarella's termination have been submitted to this Court as Exhibit A to the Phillips Declaration.

9.  Mr. Caldarella now seeks to sue me in my personal capacity for over a half a million dollars claiming that my vote to terminate his employment was made in bad faith and with the specific intent to harm him. These allegations are completely false, and I intend to vigorously defend against these allegations. It is absolutely critical that I have all of the procedural protections afforded by a court of law in defending against these claims. I have never relinquished my right to these protections.

_____
Robert Heiss

Sworn to before me this
13th day of February, 2008

_____
Notary Public

MARIA RANGEL
Notary Public, State of New York
No. 01RA6166028
Qualified in Westchester County
Commission Expires May 14, 2011