

# ORRICK



CHAMBERS OF
DENISE COTE

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

tel 212-506-5000
fax 212-506-5151

WWW.ORRICK.COM

April 22, 2008         **MEMO ENDORSED**

Renee B. Phillips
(212) 506-5153
rphillips@orrick.com

*VIA FEDERAL EXPRESS*

Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/08
```

Re:   Gene Brown, et al. v. Philip Caldarella, 08 CV 0857

Dear Judge Cote:

Plaintiffs Gene Brown, Kenneth Edwards, Alan Handell, Robert Heiss, Caroline Jaisarie, Kristin Leu, Kevin O'Sullivan, Juan Pazmino, Harry Precourt and Rosalind Wilson, by their attorneys Orrick, Herrington & Sutcliffe LLP, respectfully request that the Court issue an Order clarifying that its Memorandum Opinion and Order dated March 31, 2008 was a final order disposing of Plaintiffs' case by sending the parties to arbitration. A proposed Order, based on the Second Circuit's approved language in *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360 (2d Cir. 2003), is attached hereto as Exhibit A.

The Court, in its March 31, 2008 Memorandum Opinion and Order (attached hereto as Exhibit B), denied Plaintiffs' application for preliminary injunctive relief and sent the parties to arbitration for disposition of all claims between them. The denial of preliminary injunctive relief had the effect of mooting Plaintiffs' claims for the identical permanent relief based upon the same grounds. Thus, all of the issues raised in Plaintiffs' Complaint have been effectively disposed of by the Court's March 31 Order.

Based on the Second Circuit's decision *Cap Gemini*, however, it is not entirely clear whether the Order is appealable at this time.[1] In *Cap Gemini*, the Second Circuit found a similar order to be unclear, where this Court compelled arbitration but did not dismiss the action or otherwise clarify that no independent claims remained to be decided. *Id.* at 362-63. The Second Circuit suggested that the parties seek clarification from this Court that the order sending the parties to

---

[1] It is unclear when, if not now, the Order would ever be subject to an appeal that could have any practical effect.


ORRICK

Honorable Denise L. Cote
April 22, 2008
Page 2

arbitration was indeed a final order. *Id.* at 363. This Court provided the requested clarification. *Id.* The Second Circuit cautioned that in the future it would not allow parties to seek such clarification once an appeal was underway and would instead require an official dismissal of all claims before reviewing an order sending the parties to arbitration.[2]  *Id.* at 364. *Compare Graphic Scanning Corp. v. Yampol*, 688 F. Supp. 857 (S.D.N.Y. 1988) (directing judgment for defendant once court denied petition to stay arbitration), *aff'd* 850 F.2d 131 (2d Cir. 1988). It is for this reason that Plaintiffs respectfully request the proposed clarification at this time.

Thank you for your consideration.

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP
Attorneys for Plaintiffs

By: /s/ Renee B. Phillips
Renee B. Phillips

cc:   Ronald I. Paltrowitz, Esq.

*[Handwritten note:]* No final order has been entered. This action is stayed pending arbitration.

Denise Cote
April 23, 2008

---

[2] Although *Cap Gemini* dealt with an arbitration agreement covered by the Federal Arbitration Act, the issues presented in this case appear sufficiently similar to warrant, in an abundance of caution, a similar clarification to that obtained by the parties in *Cap Gemini*.

OHS East:160411004.2