# LAW OFFICES OF RONALD I. PALTROWITZ

*Wise Counsel for Growing Businesses®*

40 Wall Street, 61st Floor, New York, New York 10005

Phone: 212-530-4411 | Fax: 212-530-4488 | Cell: 917-822-2881
Email: rpal@paltrowitzlaw.com



**AREAS OF SPECIALTY:**

- Corporate/ Private Equity
- Strategic Alliances
- Litigation/ Arbitration
- Business Transactions
- Partnerships/LLC Formation
- Intellectual Property
- Employment/Real Estate

# MEMO ENDORSED

June 12, 2008



**By First Class Mail**

Hon. Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007

Re: *Gene Brown, et al.* v. *Philip J. Caldarella*
08 CV 0857

Dear Judge Cote

    On March 31, 2008, Your Honor issued a Memorandum Opinion and Order ("Opinion and Order") on a motion by Plaintiffs, brought on by Order to Show Cause, for a preliminary injunction staying an arbitration commenced by Defendant against Plaintiffs before the American Arbitration Association (Case No. 13 166 02030 07), arising out of an employment agreement ("Agreement") between the parties. I have attached a copy of the Opinion and Order, which was electronically filed as Docket No. 32, for the convenience of the Court.

    The Opinion and Order determined, *inter alia*, that: (i) the individual Trustees of Binding Together, Inc. ("BTI"), a not for profit corporation, were "bound to the [A]greement and its arbitration clause, as signatories" (Opinion and Order, p. 8); (ii) "[t]he plaintiffs are bound to the [A]greement as principals, not as agents, and as signatories, not non-signatories (Opinion and Order, p. 9); and (iii) "Caldarella is not required to prove that the trustees subjected themselves to personal liability for damages under the contract (Opinion and Order, p. 9).

    An issue has now arisen before the Arbitrator regarding the statement made in the Opinion and Order that "[w]hether the contract subjects plaintiffs to individual liability on Caldarella's claims is for the arbitrator to decide given the broad scope of the arbitration clause" (Opinion and Order, p. 9). Counsel for Mr. Caldarella has taken the position that, in light of Your Honor's ruling that the Trustees are parties to the contract, the quoted statement means that it is for the arbitrator to determine if there has been a breach of the Agreement for which the Trustees may be held liable. Counsel for the Trustees has taken the position that, despite having held that the Trustees are parties to the Agreement, the Arbitrator can determine that they are still exempt from liability pursuant to

Hon. Denise L. Cote
June 12, 2008
Page - 2 -

Section 720-a of the New York Not for Profit Corporation Law which provides that a trustee serving without compensation shall not be liable to any person other than such corporation, "**based solely on his or her conduct in the execution of such office** unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability." (Emphasis added) Mr. Caldarella believes that the Trustees' interpretation is not supported by the Opinion and Order as the ruling that the Trustees are parties to the Agreement negates the conclusion that liability for a breach of the Agreement could be based solely upon conduct.

In light of the fact that the Arbitrator has now requested that this matter be briefed, and based upon the foregoing, I would like to request that Your Honor clarify the statement in the Opinion and Order that "[w]hether the contract subjects plaintiffs to individual liability on Caldarella's claims is for the arbitrator to decide given the broad scope of the arbitration clause" (Opinion and Order, p. 9). I requested that Ms Phillips join in this request but she declined to do so.

Very truly yours,

Ronald I. Paltrowitz

RIP:hs
cc: Renee B. Phillips, Esq, (by E-mail w/o enclosure)
Enclosure

*Request for clarification is denied.*

*Denise Cote*
*June 25, 2008*